Lawrence W. Freiman, Esq. (SBN 288917)
Nevada Bar No. 10588
lawrence@freimanlegal.com
FREIMAN LEGAL
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1004
Facsimile:  (310) 300-2603

*Counsel for Plaintiff*

Leah Martin, Esq.
Nevada Bar No. 7982
lmartin@leahmartinlv.com
Leah Martin Law
3100 W. Sahara Ave., #202
Las Vegas, NV 89102
Telephone: (702) 420-2733
Facsimile:  (702) 330-3235

*Designated Attorney for Service in Nevada Only*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES ex rel DIANA MEY,<br>            Plaintiff,<br><br>vs.<br><br>REAL TIME PHYSICIANS LLC;<br>PREMIUM MEDICAL SUPPLY, LLC;<br>and DOES 1-100;<br>            Defendant. | CASE NO.: 2:20-cv-01349-GMN-DJA<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  FEDERAL FALSE CLAIMS ACT<br>    [31 U.S.C. §§3729-32]<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff DIANA MEY ("Plaintiff") alleges the following upon information

1

COMPLAINT

and belief based upon personal knowledge:

## NATURE OF THE CASE

1.  This is an action to recover damages and civil penalties on behalf of the United States of America and the State of Nevada arising from false claims and statements made by defendants against the United States, in violation of the federal False Claims Action. 31 U.S.C. §§3729-32, as amended, Pub. L.99-562. 100 Stat. 3153 (1986).

2.  Defendants have defrauded Medicare by: (a) Soliciting beneficiaries through unlawful telemarketing techniques prohibited by the Telephone Consumer Protection Act ("TCPA") and the Social Security Act; (b) submitting charges to Medicare for Durable Medical Equipment which substantially exceed defendants' usual charges for such equipment: (c)) having sales representatives complete the required Certificate of Medical Necessity ("CMN") when Plaintiff has not been examined, and has never met, the certifying physician.

3.  In March 2003, the Inspector General released a "Special Fraud Alert" relating to unlawful telephone solicitations of Medicare Beneficiaries. The Inspector General offered guidance on the illegality of these unlawful solicitations. The Office of the Inspector General updated this "Special Fraud Alert" in 2010, as this problem has become increasingly widespread.

4.  A Medicare Supplier is prohibited from direct solicitation to Medicare beneficiaries per 42 CFR 424.57(c)(11),except in three specific situations:

    a. The beneficiary has given written permission to the supplier to make contact by telephone;

    b. the contact is regarding a covered item the supplier has already furnished the beneficiary;

    c. the supplier has furnished at least one covered item to the beneficiary during the preceding fifteen months.

5. Further, Section 1834(a)(17) of the Social Security Act prohibits the same type of unlawful solicitation described up.

6. Section 1834(a)(17)(B) also specifically prohibits payment to a supplier who knowingly submits a claim generated pursuant to a prohibited telephone solicitation.

7. Accordingly, such Medicare claims for payment are false and violators are potentially subject to criminal, civil, and administrative penalties, including exclusion from federal health care programs.

8. As the Inspector General noted in it's published guidance on this issue "If a claim for payment is submitted for items or services generated by a prohibited solicitation, both the DME supplier and the telemarketer are potentially liable for criminal, civil, and administrative penalties for causing the filing of a false claim."

9. Unlawful telephone solicitations to an individual's cellular phone without prior express written consent is also a violation of federal law under the TCPA. Submissions to Medicare for payments resulting from these types of unlawful calls should be similarly considered false claims, just as a violation of Section 1834(a)(17)(B) is considered a false claim.

10. Congress enacted the Federal False Claims Act to enhance the Government's ability to recover losses sustained as a result of fraud against the United States. Congress intended to create incentives for individuals who are aware of fraud against the Government to disclose that information without fear of reprisals or government inaction.

11. The False Claims Act provides that any person who with actual knowledge, in reckless disregard or in deliberate ignorance of the truth, submits a false or fraudulent claim to the government for payment or approval, or who makes or uses a false record or statement to avoid an obligation to pay money to the government is liable for a civil penalty of up to $10,000 for each such claim, plus three times the

amount of the damages sustained by the government because of the false claims.

12. The Acts allow any person having knowledge of a false or fraudulent claim against the government to bring an action for himself and for the government and to share in any recovery. The complaint is to be filed under seal for sixty days (without service on the defendant during the sixty day period) to enable the federal and state governments (1) to conduct their own investigation without the knowledge of the defendants, and (2) to determine whether to join the suit. At the same time, the plaintiff must file with the Attorney General of the United States a detailed statement disclosing all material evidence and information in plaintiff's possession.

13. Plaintiff seeks through this action to recover damages and civil penalties arising from false claims for payment submitted by defendants to the government through Medicare. Plaintiff believes the amount of such damages and civil penalties that may be assessed against the defendants under the facts as alleged in this complaint to be substantial.

## JURISDICTION & VENUE

14. This is a civil action arising under the laws of the United States. This Court has jurisdiction over the subject matter of the federal claims pursuant to 28 U.S.C. §1331 and 31 U.S.C. §3732, which specifically confer jurisdiction on this Court for actions brought pursuant to §§3729 and 3730 of Title 31 as well as for the recovery of funds paid by a State if the action arises from the same transaction or occurrence as an action arising under §3730.

15. Venue is proper in the United States District Court for the District of Nevada pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of Nevada, and its principle place of business is located within this District.

16. Venue is proper in this District pursuant to 31 U.S.C. §3732(a) because (a) the defendants submitted false and fraudulent claims to the United States

Government in this District, and/or made, used or caused to be made or used false records in this District to get false or fraudulent claims approved and paid by the United States Government.

## PARTIES

17. Plaintiff, DIANA MEY ("Plaintiff"), is a natural person residing in West Virginia. Mey brings this action for violations of the federal False Claims Act on behalf of herself and the United States Government pursuant to 31 U.S.C. §3730(b)(1). Mey has knowledge of the false claims submitted by the defendants to the federal government as alleged herein, and is the original source of any information possessed by the government regarding these claims.

18. Defendant Real Time Physicians, LLC is a Nevada corporation, which has its principal place of business in Las Vegas, NV.

19. Defendant Premium Medical Supply LLC is a South Carolinae corporation, which has it's principal place of business in Rock Hill, SC.

20. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

21. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein

was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

22. Medicare is a federally-funded health insurance program.

23. Medicare Part B ("Part B") is the Supplemental Medical Insurance Plan for the Aged and Disabled. The benefits covered by Medicare Part B include medical treatment and services by physicians and other health care providers, under 42 U.S.C. §1395k. An enrolled individual *(or "beneficiary")* who obtains a covered medical service can either pay for the medical service himself and request reimbursement of 80%, of the reasonable charge, or assign the right to reimbursement to the physician or other health care provider providing the service, who collects as an assigned of the beneficiary under 42 U.S.C. §1395u(b)(3)(B)(ii). Medicare Part B includes qualifying coverage for Durable Medical Equipment, as described herein.

24. Reimbursement for Medicare Part B claims is made by the United States through the Department of Health and Human Services ("HHS") which has delegated the administration of Medicare Part B to its component agency, the Health Care Financing Administration ("HCFA"). HHS, through HCFA. assigns the task of paying Medicare Part B claims from the Medicare Trust Fund to private insurance carriers under 42 U.S.C. §1395u.

25. Defendant Premium Medical Supply, LLC are manufacturers of numerous orthopedic devices, namely back and wrist braces, which physicians generally prescribe for their patient to aid in recovery from surgery and other procedures, or to aid in chronic pain or stability issues.

26. Defendant Real Time Physicians, LLC is a telehealth company, who works in conjunction with Defendant Premium Medical Supply, LLC, to provide the medical certifications necessary to submit the claims through Medicare.

27. If a device meets the statutory requirements of "Durable Medical Equipment"

("DME") it may he covered under Medicare Part B. For purposes of Medicare payment. DME is defined as medical equipment furnished by a supplier or a home health agency that --

    a. Can withstand repeated use;

    b. Is primarily and customarily used to serve a medical purpose:

    c. Generally is not useful to an individual in the absence of an illness or injury; and

    d. Is appropriate for use in the home.

42 C.F.R. §414.202.

28. Payment for DME under Medicare Part B for DME is expressly authorized by 42 U.S.C. §1395m(a) and its implementing regulations 42 C.F.R. §414.200, et seq. Payment may be made either as a lump sum purchase, or as a monthly rental during the period of medical need., depending upon the nature of the equipment and its intended use. 42 U.S.C. §1395m(an2)-(7).

29. Medical equipment and services by physicians and other health care providers are reimbursed under Medicare only if the services provided are reasonable and medically necessary.

30. In order to qualify for reimbursement, however, the physician or other health care provider seeking reimbursement must:

    a. Assure that claims submitted for reimbursement are not unlawfully solicited from beneficiaries (42 CFR 424.57(c)(11))

    b. Submit claims only for reasonable and necessary medical items or services, (42 U.S.C. §1395y(a)(1)(A));

    c. Certify when presenting a claim that the item or service provided is a medical necessity, (42 U.S.C. §1395(a)(2)(B));

    d. Assure when presenting a claim that the item or service provided is not substantially in excess of the usual charge for items or services. (42

> U.S.C. §1320a-7(b)(6)(A)); and
>
> e. Assure that claims submitted for reimbursement do not make false statements or misrepresentations of material facts. (42 U.S.C. §§1320a-7b(a)(1) and (2), 1320a-7, and 1320a-7a.)

31. At all times herein mentioned, Defendants were aware of, and voluntarily and willfully ignored these statutory requirements, in order to unlawfully solicit and sell medical equipment to unsuspecting individuals and defraud the United States out of hundreds of thousands of dollars.

32. Plaintiff is aware that the Defendants are, working in conjunction with one another, making false claims to the government in violation of the above.

33. Specifically, Defendants have submitted false claims involving:

> a. Unlawful solicitation of Medicare beneficiaries in violation of 42 CFR 424.57(c)(11) and Section 1834 of the Social Security Act, which result in a per se false claim upon submission of a resulting charge to Medicare;
>
> b. Containing charges to Medicare which substantially exceeds the Defendants' usual charges for such equipment.
>
> c. Having a Certificate of Medical Necessity completed by Defendants and their representatives, and not by any physician who has examined the patient;

34. Defendants are violating 42 CFR 424.57(c)(11) and Section 1834 of the Social Security Act, by unlawfully making contact with potential beneficiaries who have not given consent to received such calls, who are listed on the National Do Not Call list, and have not expressed prior interest, in the durable medical supplies that are being marketed to them.

35. Defendants are falsely certifying that beneficiaries require this "medically necessary" equipment, by certifying this information by doctors, assigned by

Defendant Real Time Physicians, LLC, who the beneficiaries never meet and are never examined by.

36. Defendant Premium Medical Supply LLC then proceeds to bill Medicare hundreds of dollars for durable medical equipment, specifically back and wrist braces, that substantially exceeds the usual charge for such equipment, of which comparable products are available commercially for approximately $30 dollars each, or less.

## FIRST CAUSE OF ACTION
### Federal False Claims Act
(31 U.S.C. §3729(a)(1)(a)(2) and 3732(b))

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all paragraphs above.

38. By virtue of the acts and conduct above, Defendant knowingly submitted or caused to be submitted to officers, employees, or agents of the United States Government false or fraudulent claims for payment or approval under the federally funded Medicare program.

39. Because of such false claims, the United States paid Defendants for Durable Medical Equipment without authorization under Medicare.

40. As a result of these false claims, the United States has been, and continues to be, substantially damaged in the amount of thousands and thousands of dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

- That Defendants cease and desist from violating the Federal False Claims Act;

- That Defendants cease and desist from making unlawful solicitations

to potential beneficiaries;

- That the Court enter judgment against defendants in an amount equal to three times the amount of damages the United States has sustained as a result of the defendants' actions alleged herein, as well as a civil penalty of $10,000 for each violation of 31 U.S.C. §3729.

- That Plaintiff/relator be awarded damages pursuant to 31 U.S.C. §3730(d).

- That plaintiff/relator be awarded all costs of this action, including attorney's fees and costs.

- Any and all other relief that the Court deems just and proper.

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 9, 2020.

LAWRENCE W. FREIMAN, ESQ.
Nevada Bar No. 10588

/s/ Lawrence W. Freiman

Attorneys for Plaintiff DIANA MEY